Southern District of Texas
**ENTERED**
January 30, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON CUNNINGHAM<br>TDCJ #02073724, | §<br>§<br>§ | |
| Petitioner, | § | |
| VS. | §<br>§ | CIVIL ACTION NO. 4:20-0220 |
| LORIE DAVIS, | §<br>§ | |
| Respondent. | §<br>§ | |

### MEMORANDUM OPINION AND ORDER

Petitioner Jason Cunningham is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"). He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a prison disciplinary proceeding (Dkt. 1). After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.     BACKGROUND**

Cunningham is serving a sentence based on convictions in Harris County for aggravated robbery with a deadly weapon, Case No. 138555401010, and aggravated assault with a deadly weapon, Case No. 138554701010. *See* Offender Information Search, available at https://offender.tdcj.texas.gov/OffenderSearch/index.jsp (last visited Jan. 30, 2020). His petition does not challenge his conviction or sentence. Rather, he seeks relief from a disciplinary conviction at the Wynne Unit on August 30, 2019, in disciplinary case number 20190317541 (Dkt. 1, at 2, 5). Cunningham was convicted of

possession of a cell phone and was punished by the loss of 360 days of previously earned good-time credits; the loss of 45 days of recreation and phone privileges; the loss of 60 days of commissary privileges; and a reduction in custody status (*id*. at 5). He states that he is not eligible for release on mandatory supervision (*id.*). He also states that he appealed the conviction through TDCJ's two-step administrative grievance procedure (*id*. at 5-6).

Cunningham seeks habeas relief and claims that the evidence was insufficient to support his disciplinary conviction. *See* Dkt. 1, at 6-7 (claiming that his conviction was not supported by sufficient evidence; that he was never searched for a cell phone; that he was never seen with a cell phone; and that he never admitted to owning or operating a cell phone on a phone recording).

## II. PRISON DISCIPLINARY PROCEEDINGS

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Claims regarding the sufficiency of the evidence supporting a disciplinary conviction also arise under the Due Process Clause. *See Broussard v. Johnson,* 253 F.3d 874, 876-77 (5th Cir. 2001) (disciplinary sanctions imposed by prison officials must be supported by "some evidence" to be consistent with due process requirements).

Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S.

472 (1995); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).[1]

In this case, Cunningham cannot demonstrate a due process violation because, as he admits in his petition, he is ineligible for mandatory supervision (Dkt. 1, at 5). He was convicted of aggravated robbery with a deadly weapon under Texas Penal Code § 29.03 and, as a matter of Texas law, this conviction renders him ineligible. *See* TEX. GOV'T CODE § 508.149(a)(12) (inmates serving a sentence for conviction under Texas Penal Code § 29.03 "may not be released to mandatory supervision"). He also was convicted of aggravated assault with a deadly weapon under Texas Penal Code § 22.02 which also renders him ineligible. *See* TEX. GOV'T CODE § 508.149(a)(7) (inmates serving a sentence for conviction under Texas Penal Code § 22.02 "may not be released to mandatory supervision"). This is fatal to his habeas claims. Only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit. *See Malchi*, 211 F.3d at 957-58.

---

[1] A reduction in classification, which can have a potential impact on the prisoner's ability to earn good-time credit, is not protected by the Due Process Clause. *See id.* at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Moreover, sanctions affecting an inmate's privileges, such as those for commissary, recreation, or telephone use, are "merely changes in the conditions of [an inmate's] confinement" and do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

Under these circumstances, Cunningham cannot demonstrate a constitutional violation and his pending federal habeas corpus petition must be dismissed for failure to state a claim upon which relief may be granted.

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The relief sought in the federal habeas corpus petition (Dkt. 1) filed by Jason Cunningham is **DENIED** and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED this day 30th day of January, 2020.

_____
George C. Hanks Jr.
United States District Judge